UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03353-RGK-JDE | Date | December 17, 2025 |
|---|---|---|---|
| Title | *Cuong Tu Hong v. Kristi Noem et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Re: Petitioner's *Ex Parte* Renewed Application for Temporary Restraining Order [10]**

## I.   INTRODUCTION

On December 12, 2025, Cuong Tu Hong ("Petitioner") filed a Petition for Writ of Habeas Corpus and an Application for Temporary Restraining Order ("TRO") against Kristi Noem, Pamela J. Bondi, Thomas Giles, James Pilkington, and Warden, Geo Group Inc, Adelanto Detention Facility (collectively, "Respondents"). (ECF Nos. 2, 3.) Petitioner is a noncitizen who entered the United States as a refugee, was later ordered to be removed after pleading guilty to felony charges, and has been living in the United States under supervised release. (ECF No. 2.) Since September 11, 2025, Petitioner has been detained and in U.S. Immigration and Customs Enforcement ("ICE") custody. (*Id.*)

On December 12, 2025, the Court denied Petitioner's Application for Temporary Restraining Order, holding that Petitioner failed to meet the first element of the *Mission Power* test, and *ex parte* relief was not justified. (ECF No. 9.) On December 13, 2025, Petitioner filed the instant Renewed Application for TRO ("Renewed Application"). (ECF No. 10.) Respondents have not opposed the Renewed Application.

Petitioner seeks the Court's order for his immediate release and to reinstate his prior order of supervision. For the following reasons, the Court **DENIES** the Renewed Application.

## II.   JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03353-RGK-JDE | Date | December 17, 2025 |
|---|---|---|---|
| Title | *Cuong Tu Hong v. Kristi Noem et al* | | |

### III.    DISCUSSION

Petitioner seeks the Court's order requiring that Petitioner be immediately released on an order of supervision. Although in this Renewed Application Petitioner directly addresses the *Mission Power* test, Petitioner again fails to meet the standard needed to justify *ex parte* relief.

Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

Again, Petitioner fails to establish why his *Ex Parte* Application cannot be calendared in the usual manner or on an otherwise expedited basis.[1] Petitioner has been in custody for approximately three months. It is not clear to the Court why Petitioner *now* requires immediate action through the *ex parte* process. Petitioner alleges no facts that specify why the Court *must* grant him relief by way of the current Renewed Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioner fails to meet the first element of the *Mission Power* test, and *ex parte* relief is not justified.

### IV.    CONCLUSION

For the foregoing reasons, Petitioner's Renewed Application is **DENIED**.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | JRE/gz |

---

[1] The Court calls Petitioner's attention to Local Rule 65-1, which provides that, "If the TRO is denied, the Court may set the hearing on the order to show cause without regard to the twenty-eight (28) days notice of motion requirement of L.R. 6-1." To trigger this expedited review, the party seeking a TRO must file a request with the Court to set an expedited hearing on the order to show cause pursuant to Local Rule 65-1.