UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CUONG TU HONG, | No. 5:25-cv-03353-RGK-JDE |
| Petitioner, | ORDER REGARDING FIRST AMENDED PETITION |
| v. | |
| KRISTI NOEM, et al., | |
| Respondents. | |

On December 12, 2025, Cuong Tu Hong ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by immigration authorities, seeking his release from custody. Dkt. 1 ("Petition"). Although the Petition appeared to indicate Petitioner is no longer subject to a final order of removal (id. at 5), Petitioner's claims all appear to be premised on being subject to a final order of removal. On December 29, 2025, Petitioner's Request for a Preliminary Injunction was denied. Dkt. 15.

Meanwhile, although ordered to file an answer to the Petition (see Dkt. 8), Respondents did not timely file an answer or seek additional time in which

to do so. On January 30, 2026, the assigned Magistrate Judge again ordered Respondents to file an answer to the Petition. Dkt. 19. Respondents did not file an answer or seek additional time in which to do so. On February 9, 2026, Petitioner filed a Reply, arguing that the Court should grant relief because Respondents twice failed to answer the Petition. Dkt. 20 ("Reply").

On February 13, 2026, the assigned Magistrate Judge issued an order requiring further briefing as the grounds for relief in the Petition appeared to be premised on the existence of a final order of removal, yet the parties appeared to agree Petitioner is no longer subject to a final order of removal. Dkt. 21. As such, Petitioner was ordered to either file a written response to Respondents' claim that the Petition failed to state an applicable claim given the status of Petitioner's removal proceedings or a First Amended Petition asserting claims tied to Petitioner's current detention status. Id. On February 17, 2026, Petitioner filed a First Amended Petition, updating his claims and the current procedural history. Dkt. 22 ("FAP").

On February 17, 2025, the assigned Magistrate Judge issued an order requiring a response to the FAP, "raising all defenses to the FAP, both merits-based and non-merits based." Dkt. 23. Respondents did not file a response or request additional time within which to do so. On February 23, 2026, Petitioner filed a Reply requesting that the Petition be granted because Respondents admitted Petitioner's allegations by default. Dkt. 25. On the same date, Petitioner filed a Third Application for Temporary Restraining Order and Preliminary Injunction. Dkt. 26 ("Application").

On February 25, 2026, the assigned Magistrate Judge held a telephonic status conference, at which counsel for Respondents stated that on the current record, Respondents do not oppose the primary relief requested in the FAP, that is, immediate release from immigration custody without conditions. Dkt. 28. Counsel for Petitioner agreed that such release, without conditions, would

provide all substantive relief requested in the FAP. Counsel for the parties further indicated no objection to an order issued by this Court, directing such immediate release, with an order directing counsel for Respondents to file a status report confirming such release by 4:00 p.m. on February 26, 2026, upon which the action may properly be closed.

IT IS THEREFORE ORDERED that:

(1) the Referral to the Magistrate Judge (Dkt. 5) is terminated.

(2) Respondents are ordered to immediately release Petitioner from custody without conditions.

(3) Respondents shall file a status report by 4:00 p.m. on February 26, 2026 confirming that Petitioner has been released, after which judgment shall be entered dismissing this action as moot.

(4) The Application (Dkt. 26) is denied as moot.

IT IS SO ORDERED.

Dated: 02/25/2026

_____
R. GARY KLAUSNER
United States District Judge